| Case No. | CV 11-1821 CAS (DTBx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | DENNIS CRUZ v. COUNTY OF SAN BERNARDINO; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Melanie Partow<br>Hilary Rau | Michelle Ghaltchi |

**Proceedings:** **DEFENDANTS' MOTION TO DISMISS** (filed 04/07/11)

## I.    INTRODUCTION

On March 3, 2011, plaintiff Dennis Cruz filed the instant action against defendants County of San Bernardino (the "County"); Sheriff Rod Hoops; Deputy Jeffrey Allison; Deputy Nick Downey; Deputy David Harding; Deputy Struebing; Deputy J. Vasquez; and Does 1 through 10, inclusive. Plaintiff alleges seven claims for relief pursuant to 42 U.S.C. §§ 1983 and 1985 for: (1) unlawful arrest, (2) excessive force, (3) denial of medical care, (4) denial of Equal Protection, (5) conspiracy to commit constitutional violations, (6) supervisory liability, and (7) municipal liability.

On April 7, 2011, defendants filed the instant motion to dismiss portions of plaintiff's complaint. On April 18, 2011, plaintiff filed an opposition. Defendants replied on April 25, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.    BACKGROUND

On March 6, 2009, at approximately 5:00 p.m., plaintiff, a Latino male, arrived at a Circle K market in Hesperia, California. Complaint ¶ 8. After plaintiff exited his car, he observed a deputy sheriff's car drive into the parking lot and stop. Id. Deputy Allison exited his car, approached plaintiff, and asked to see his license. Id. ¶ 9. Plaintiff complied. Id. Deputy Allison asked plaintiff if he was a member of a Latino gang, to which plaintiff replied that he was not. Id. ¶ 10. Deputy Allison then allegedly told plaintiff that he was going to make sure that plaintiff got deported. Id. Plaintiff informed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1821 CAS (DTBx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | DENNIS CRUZ v. COUNTY OF SAN BERNARDINO; ET AL. | | |

Deputy Allison that he was not doing anything wrong and that he had his license and car insurance. Id. Deputy Allison responded that he could not verify plaintiff's information because the system in his confirm his information. Id. Plaintiff was then placed in handcuffs and transported to the Victor Valley Sheriff's Station. Id. ¶ 12.

Plaintiff alleges that when he arrived at the station, an unknown Caucasian sheriff's deputy slammed him into a wall. Id. Plaintiff alleges that he was assaulted by approximately five different deputies, who placed him in a "hobble restraint." Id. Plaintiff further alleges that the deputies placed their body weight on top of him, causing him to lose consciousness. Id. Plaintiff woke up in a hospital with a police officer nearby. Id.

Plaintiff alleges that Deputies Allison, Downey, Harding, Struebing, and Vasquez thereafter conspired with one another to make false statements about the incident to cover up their use of force, concoct charges against plaintiff of resisting arrest and battery, and cause plaintiff to be deported. Id. ¶¶ 13–16. Plaintiff alleges that these false statements were communicated in reports and orally to investigating deputies, supervisors, managers and policy-makers. Id. ¶ 13.

Plaintiff alleges that the incident at the sheriff's station was captured on surveillance video, and that the video contradicts the statements made by the deputies. Id. ¶ 17. Plaintiff further alleges that this video was neither viewed nor considered by deputies investigating the incident. Id. ¶ 18.

### III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1821 CAS (DTBx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | DENNIS CRUZ v. COUNTY OF SAN BERNARDINO; ET AL. | | |

plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1821 CAS (DTBx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | DENNIS CRUZ v. COUNTY OF SAN BERNARDINO; ET AL. | | |

Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

IV.    **DISCUSSION**

    A.    **Claim 3: Denial of Medical Care**

The parties dispute whether plaintiff's denial of medical care claim is properly analyzed under the Due Process Clause of the Fourteenth Amendment or the Fourth Amendment. Defendants argue that the claim must be analyzed under the Fourteenth Amendment because plaintiff was detained at the sheriff's station when the incident occurred. Mot. at 3 (citing Lolli v. County of Orange, 351 F.3d 410, 418–19 (9th Cir. 2003) ("Claims of failure to provide care for serious medical needs, when brought by a detainee such as Lolli who has been neither charged nor convicted of a crime, are analyzed under the substantive due process clause of the Fourteenth Amendment."); Dean v. City of Fresno, 546 F. Supp. 2d 798, 811 (E.D. Cal. 2008)).

Plaintiff responds that his denial of medical care claim is subject to a Fourth Amendment analysis. Opp'n at 3–4 (citing Freece v. Young, 756 F. Supp. 699, 701 (W.D.N.Y. 1991); Tatum v. City & County of San Francisco, 441 F.3d 1090, 1098–99 (9th Cir. 2006); Maddox v. City of Los Angeles, 792 F.2d 1408, 1415 (9th Cir. 1986)). Plaintiff argues that defendants' reliance on Lolli is misplaced because the plaintiff in that case had already been processed at the jail and admitted by the jail nurse when the denial of medical care took place. Id. at 4 n.1. In this case, by contrast, plaintiff argues that the alleged denial of medical care occurred before he had been arrested or charged, and he was only present at the sheriff's station so that Deputy Allison could complete his investigation. Id.

The Court need not resolve this dispute because even if the claim is analyzed under the Fourteenth Amendment, as defendants urge, the complaint alleges sufficient facts to state a claim. "With regard to medical needs, the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes: 'persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs.'" Gibson v. County of Washoe, 290 F.3d 1175, 1186 (9th Cir. 2002) (quoting Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996)) (alterations in original). To establish a denial of medical care claim under the Eighth Amendment, a plaintiff must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1821 CAS (DTBx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | DENNIS CRUZ v. COUNTY OF SAN BERNARDINO; ET AL. | | |

show that he was "(1) confined under conditions posing a risk of objectively, sufficiently serious harm and (2) that the officials had a sufficiently culpable state of mind in denying the proper medical care." Lolli, 351 F.3d at 419 (internal quotation marks omitted). A medical need is serious if the "failure to treat [the detainee's] condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted). To be held liable, the defendant must know of and disregard an excessive risk to the detainee's health and safety. Gibson, 290 F.3d at 1187. If a person is aware of a substantial risk of serious harm, he or she may be liable for neglecting a detainee's serious medical needs on the basis of either action or inaction. Lolli, 351 F.3d at 419. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." Id. (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002)).

Defendants argue that plaintiff's allegations do not demonstrate a serious medical need, or that any delay in medical treatment led to further injury. Mot. at 4. Defendants further contend that plaintiff cannot establish that the deputies did not timely summon or provide medical assistance because there are no factual allegations as to the amount of time that elapsed between plaintiff's loss of consciousness and waking up in a hospital. Id. at 5.

The Court disagrees with defendants' arguments. Here, plaintiff alleges that he had obvious injuries as a result of the deputies' assault. Complaint ¶ 38. Indeed, plaintiff was transported to the hospital due to the injuries. Id. ¶ 12. Plaintiff further alleges that defendants did not timely provide needed medical care and summon medical assistance. Id. ¶ 39. The Court finds that the allegations are sufficient to state a plausible claim that defendants were deliberately indifferent to plaintiff's medical needs. See Lolli, 351 F.3d at 421 ("Much like recklessness in criminal law, deliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm."); see also Farmer v. Brennan, 511 U.S. 825, 842 ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence"). Furthermore, although plaintiff fails to allege facts regarding the precise amount of time it took for defendants to summon medical care, that is because he was rendered unconscious by the deputies' alleged attack. Thus, plaintiff's denial of medical care claim is better decided on a motion for summary judgment. Accordingly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1821 CAS (DTBx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | DENNIS CRUZ v. COUNTY OF SAN BERNARDINO; ET AL. | | |

the Court DENIES defendants' motion to dismiss plaintiff's claim for denial of medical care.

### B. Claim 4: Equal Protection

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Police cannot make decisions about who to investigate and arrest in a racially discriminatory fashion. Elliot-Park v. Manglona, 592 F.3d 1003, 1006–07 (9th Cir. 2010).

The Court finds that plaintiff's allegations are sufficient to state a claim for violation of the Equal Protection Clause. First, as a Latino male, plaintiff is a member of a protected class. Furthermore, plaintiff alleges that because of his race defendants, among other things, questioned him about his membership in a Latino gang, threatened to have him deported, transported him to the sheriff's station despite his providing valid identification, used excessive force against him, and levied false criminal charges against him in order to have him deported. Complaint ¶ 46. The Court concludes that these allegations are sufficient to state a claim that defendants acted with an intent or purpose to discriminate against him based on his race. Barren, 152 F.3d at 1194. Accordingly, the Court DENIES defendants' motion to dismiss plaintiff's claim for violation of the Equal Protection Clause under the Fourteenth Amendment.

### C. Claim 5: Conspiracy to Deprive Plaintiff of Constitutional Rights

"Section 1985 proscribes conspiracies to interfere with certain civil rights." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). Under section 1985(3), a party has a right of action against "two or more persons in any State or Territory [who] conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3).

Defendants move to dismiss this claim on the grounds that the complaint does not sufficiently allege the existence of a conspiracy. Mot. at 7; Reply at 5–6. To state a claim under section 1985, plaintiff "must allege facts to support the allegation that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1821 CAS (DTBx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | DENNIS CRUZ v. COUNTY OF SAN BERNARDINO; ET AL. | | |

defendants conspired together." Id. The complaint must contain specific facts supporting the existence of the alleged conspiracy. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004); see also Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990) ("A mere allegation of conspiracy without factual specificity is insufficient to support a claim."). The Ninth Circuit has held that "each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989) (citation omitted)).

The Court finds that the complaint sufficiently alleges the existence of a conspiracy among Deputies Allison, Downey, Harding, Struebing, and Vasquez to deprive plaintiff of his constitutional rights. Plaintiff alleges that each of the deputies participated in the assault against him at the sheriff's station, and then agreed to make false statements to cover up their actions. Complaint ¶ 51. Plaintiff's allegation that the deputies participated in the alleged assault at the sheriff's station raises an inference that the deputies "share[d] the common objective of the conspiracy" to cover up their actions. Franklin, 312 F.3d at 441. Accordingly, the Court DENIES defendants' motion to dismiss the conspiracy to deny plaintiff of his civil rights claim.

### D. Claim 6: Supervisory Liability

For claims of supervisory liability under section 1983, supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001). To state a claim for supervisory liability under section 1983, plaintiff must allege that either (1) the supervisor was personally involved in the constitutional deprivation, or (2) there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 633 F.3d 1191, 1196 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley v. Davis, 333 F. Supp. 2d 888, 892 (C.D. Cal. 2004). A supervisor may be held liable "for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Starr, 633 F.3d at 1197 (quoting Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1821 CAS (DTBx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | DENNIS CRUZ v. COUNTY OF SAN BERNARDINO; ET AL. | | |

Defendants argue that the Court should dismiss plaintiff's supervisory liability claim because the allegations are conclusory and fail to set forth sufficient facts showing a causal connection between Sheriff Hoops's conduct and plaintiff's injury. Mot. at 8; Reply at 6–7. The Court disagrees. Plaintiff alleges that Sheriff Hoops has taken no measures to implement any form of independent review of deputies' statements or investigation of citizen complaints. Id. ¶¶ 59–60. According to plaintiff, this practice of "rubber stamping" deputies' statements and reports, has resulted in a system whereby deputies' false statements are never investigated. Complaint ¶ 59. Plaintiff further alleges that Sheriff Hoops is aware of numerous citizen complaints and lawsuits alleging excessive force by sheriff's deputies, but that he has taken no measures to independently investigate them. Id. ¶ 60; see also id. ¶¶ 20–21. The Court concludes that these allegations relating to Sheriff Hoops's inaction in the training, supervision, and control of his deputies are sufficient to state a claim. See Starr, 633 F.3d at 1197; see also Redman v. County of San Diego, 942 F.2d 1435, 1447 (9th Cir. 1991) (reversing directed verdict in favor of Sheriff on supervisory liability claim, where jury could have found that "he acquiesced in a deficient policy that was a moving force behind" the harm caused to the plaintiff). Accordingly, the Court DENIES defendants' motion to dismiss plaintiff's claim for supervisory liability.

### E. Claim 7: Municipal Liability

The County may be held liable under section 1983 where the violation of plaintiff's federally protected rights is attributable to the enforcement of a municipal policy or custom. See Monell v. Dep't of Soc. Servs., 437 U.S. 658, 694 (1978); see also Los Angeles County v. Humphries, 562 U.S. ___ (2010) (slip op., at 7). A policy or custom may be shown through: (1) a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity; (2) the decision of a decision-making official who was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; (3) when an official with final decision-making authority either delegates that authority to, or ratifies the decision of, a subordinate. Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005). Inadequate training may also give rise to section 1983 municipal liability. See City of Canton v. Harris, 489 U.S. 378, 388 (1989). To establish inadequate training, plaintiff must show that: (1) they were deprived of a constitutional right; (2) the local government entity had a training policy that "amounts to deliberate indifference to the constitutional rights of the persons with whom its police officers are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1821 CAS (DTBx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | DENNIS CRUZ v. COUNTY OF SAN BERNARDINO; ET AL. | | |

O

likely to come into contact"; and (3) the constitutional injury would have been avoided had the County properly trained the deputies. Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007) (internal quotations and alterations omitted).

Defendants move to dismiss plaintiff's municipal liability claim on the grounds that the complaint merely alleges the results of the County's policies, procedures, customs and practices, but does not allege any facts identifying what procedures, customs or practices are at issue. Mot. at 10–12 (citing Young v. City of Visalia, 687 F. Supp. 2d 1155, 1163 n.3 (E.D. Cal. 2010); Lutz v. Delano Union Sch. Dist., 2009 U.S. Dist. LEXIS 69245, at *11 (E.D. Cal. Aug. 7, 2009)); Reply at 8. Defendants' argument is without merit. Plaintiff's complaint explicitly challenges numerous County policies, customs and practices. See Complaint ¶¶ 65–75. For example, plaintiff alleges that County policy, custom or practice "permitted and encouraged" deputies to unlawfully arrest persons based on discriminatory animus, use excessive force against those persons, and cover up their actions by filing false reports based on fabricated evidence. Id. ¶ 65. Plaintiff further alleges that the County maintained a policy, custom or practice of not disciplining, prosecuting, or responding to complaints of excessive force made against deputies. Id. ¶ 66. Plaintiff also alleges that County procedures, customs and practices resulted in insufficient investigations of complaints of excessive force and other allegations of misconduct leveled against County deputies. Id. ¶ 67. The Court further notes that plaintiff has identified numerous "[o]ther systemic deficiencies" which allegedly demonstrate the County's deliberate indifference to deputies' violations of civil rights. See id. ¶ 73(a)-(p).

Plaintiff's allegations are not the sort of conclusory allegations that were subject to dismissal by the court in Lutz. See Lutz 2009 U.S. Dist. LEXIS, 69245, at *11 (conclusory allegation that defendant officers were acting "in accordance with a policy, custom, and practice of [the county]" is not sufficient to form the basis for Monell liability). Moreover, defendants' reliance on Young is misplaced. There, the court dismissed the plaintiffs' Monell claim because they failed to allege how the city's policy or practice caused them harm. Young, 687 F. Supp. 2d at 1163 ("Because there are insufficient allegations regarding causation, Plaintiffs have failed to properly state a Monell claim and dismissal is appropriate."). Here, by contrast, plaintiff adequately alleges causation. See Complaint ¶ 77–79. Accordingly, the Court DENIES defendants' motion to dismiss plaintiff's claim for municipal liability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1821 CAS (DTBx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | DENNIS CRUZ v. COUNTY OF SAN BERNARDINO; ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendants' motion to dismiss portions of plaintiff's complaint.

IT IS SO ORDERED.

|  | 00 | : | 07 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |